# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES JR, | CASE NO. 1:09-cv-00154 DLB PC |
| Plaintiff, | ORDER DISMISSING DEFENDANTS ADAMS AND SANTORO |
| v. | (Doc. 12) |
| D. HICIMBOTHOM, et al., | |
| Defendants. | |

**Order**

**I.     Screening Requirement**

Plaintiff Larry Giraldes Jr, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 28, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader

1

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

On May 7, 2009, this Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. After obtaining two extensions of time, Plaintiff filed his First Amended Complaint on September 8, 2009, which the Court deems timely.

**II.    Plaintiff's Claim**

Plaintiff, who is currently housed at California State Prison - Corcoran, brings this action for violation of the First Amendment of the United States Constitution.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); Brodheim v. Cry, --- F. 3d ---, 2009 WL 3448411, at *6-10 (9th Cir. Oct. 28, 2009).

The Court has reviewed Plaintiff's First Amended Complaint and finds that it states a cognizable claim against Defendants D. Hicimbothom, R. Chavez, D. Ortiz, L. Nelson, B. Trimble, M. Robicheaux, L. Cano and J. Jones for retaliation, in violation of the First Amendment. Fed. R. Civ. P 8(a). However, Plaintiff fails to state a viable claim against defendants D. G Adams or K. Santoro. As Plaintiff was previously informed, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d

1  930, 934 (9th Cir. 2002) (emphasis added).  The Supreme Court recently emphasized that the term
2  "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.
3  Iqbal at 1949. "Government officials may not be held liable for the unconstitutional conduct of their
4  subordinates under a theory of respondeat superior." Id. at 1948.  Rather, each government official,
5  regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff
6  must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's
7  constitutional rights.  Id. at 1948-49.   Plaintiff's First Amended Complaint does not contain any
8  allegations of misconduct by Defendants D. G. Adams or K. Santoro

### III.  Conclusion and Order

Plaintiff's First Amended Complaint states a claim against Defendants D. Hicimbothom, R. Chavez, D. Ortiz, L. Nelson, B. Trimble, M. Robicheaux, L. Cano and J. Jones for retaliation, in violation of the First Amendment.  However, Plaintiff's allegations do not support any claims against Defendants Adams or Santoro.  Plaintiff was previously informed that he must link each defendant with the alleged constitutional violation(s), but has been unable to cure this deficiency with respect to Defendants Adams and Santoro.

Therefore, this action shall proceed against Defendants D. Hicimbothom, R. Chavez, D. Ortiz, L. Nelson, B. Trimble, M. Robicheaux, L. Cano and J. Jones for retaliation, in violation of the First Amendment.  Defendants Adams and Santoro are HEREBY ORDERED dismissed from this action, for Plaintiff's failure to state any claims upon which relief may be granted against them.

IT IS SO ORDERED.

Dated:   **November 12, 2009**            **/s/ Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE