# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, JR., | CASE NO. 1:09-cv-00154-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |
| v. | (Doc. 19) |
| HICIMBOTHOM, et al., | |
| Defendants. | |

## Order

Plaintiff Larry Giraldes, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed September 8, 2009, against Defendants Cano, Jones, Hicimbothom, Chavez, Ortiz, Nelson, Trimble, and Robicheaux for actions taken at Corcoran State Prison. Pending before the Court is Plaintiff's motion for preliminary injunction, filed January 25, 2010. (Doc. 19.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software,*

1

*Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).

As of November 24, 2009, Plaintiff is incarcerated at Salinas Valley State Prison ("SVSP"), in Soledad, California. (Doc. 17.) Plaintiff requests that the Court order the CDCR to provide ordered treatments by specialists, and to order Dr. Tuvera at SVSP to accommodate Plaintiff's medical needs. (Mot. Prelim. Inj. 6-7.) If Plaintiff is not granted these requests, Plaintiff requests that SVSP medical officer Sepulveda explain why he substituted his own treatment plan. (*Id.*)

The CDCR and the doctors at SVSP are not defendants in this action, and thus the Court lacks jurisdiction to determine their rights. *See Zepeda*, 753 F.2d at 727. Accordingly, it is HEREBY ORDERED that Plaintiff's motion for preliminary injunction, filed January 25, 2010, is DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **April 8, 2010**               **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE