# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, JR., | CASE NO. 1:09-cv-00154-SKO PC |
| Plaintiff, | ORDER STRIKING UNSIGNED MOTION |
| v. | (Doc. 41) |
| D. HICINBOTHOM, et al., | ORDER DENYING MOTION FOR ENFORCEMENT OF SETTLEMENT |
| Defendants. | AGREEMENT AS PREMATURE |
| | (Doc. 40) |

Plaintiff Larry Giraldes, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 28, 2009. On August 13, 2010, the parties filed a stipulation for voluntary dismissal, with prejudice, and on September 8, 2010, the case was dismissed. Fed. R. Civ. P. 41(a)(1)(A)(ii).

The stipulation for voluntary dismissal was part of the settlement agreement reached between Plaintiff and Defendants. On July 2, 2012, Plaintiff filed a letter, which was docketed as a motion to enforce the settlement agreement and to which was attached a copy of the settlement agreement.[1] Defendants did not file a response. Local Rule 230(l).

On September 4, 2012, Plaintiff filed a second letter, which was also docketed as a motion to enforce the settlement agreement, but which was not signed. The Court cannot consider unsigned filings and therefore, the second motion shall be stricken from the record. Fed. R. Civ. P. 11(a); Local Rule 131.

---

[1] All future filings should be sent to the Fresno Division of the Eastern District of California rather than to the settlement judge, who sits in the Northern District of California.

1

1 Pursuant to the settlement agreement provided by Plaintiff, Plaintiff was to be transferred from Salinas Valley State Prison to California State Prison-Sacramento, and the placement at CSP-Sacramento was to include an elevated hospital bed, frequent small meals, protein drinks as needed, and pain management as needed. Those terms were apparently met and Plaintiff's motion arises from his concern that he may not be able to prevent a transfer away from CSP-Sacramento. Plaintiff has purportedly been told by staff that the one-year period during which the settlement judge retained jurisdiction has expired and Plaintiff now seeks to know what recourse he has to stop the violation of the settlement agreement.

In as much as Plaintiff is still housed at CSP-Sacramento, his motion cannot be treated as one seeking enforcement of the settlement agreement; no violation has occurred. The Court can neither act as counsel for Plaintiff, Pliler v. Ford, 5452 U.S. 225, 231, 124 S.Ct. 2441, 2446 (2004), nor issue advisory opinions, Human Life of Washington Inc. v. Brumsickle, 624 F.3d 990, 1000 (9th Cir. 2010) (citing Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134, 1138 (9th Cir. 2000)). As a result, the Court cannot inform Plaintiff what options are available *should* the agreement be violated.

Accordingly, based on the foregoing, it is HEREBY ORDERED that

1. Plaintiff's unsigned motion, filed on September 4, 2012, is STRICKEN from the record; and
2. Plaintiff's motion for enforcement of the settlement agreement, filed on July 2, 2012, is DENIED as premature.

IT IS SO ORDERED.

**Dated:**   **October 9, 2012**                    /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE