# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, JR., | CASE NO. 1:09-cv-00154-SKO PC |
| Plaintiff, | ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT FOR LACK OF JURISDICTION, AND DENYING MOTION FOR PHOTO OR VIDEO EVIDENCE AS MOOT |
| v. | |
| D. HICINBOTHOM, et al., | |
| Defendants. | (Docs. 44 and 52) |
| _____/ | |

Plaintiff Larry Giraldes, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 28, 2009. A settlement conference was held in this matter on August 12, 2010, before United States Magistrate Judge Nandor J. Vadas. A settlement agreement was reached; the parties filed a stipulation for voluntary dismissal, with prejudice, on August 13, 2010; and the case was dismissed on September 8, 2010.[1] Fed. R. Civ. P. 41(a)(1)(A)(ii).

On October 18, 2012, Plaintiff filed a motion seeking enforcement of the settlement agreement. After obtaining an extension of time, the Attorney General's Office, making a special appearance and without conceding the Court has jurisdiction, filed an opposition on November 28, 2012. Plaintiff filed a reply on December 10, 2012.

///

---

[1] Pursuant to the settlement agreement provided by Plaintiff, Plaintiff was to be transferred from Salinas Valley State Prison to California State Prison-Sacramento, and the placement at CSP-Sacramento was to include an elevated hospital bed, frequent small meals, protein drinks as needed, and pain management as needed. (Court doc. 44, Ex. 1.)

1

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378, 114 S.Ct. 1673 (1994) (quotation marks and citations omitted). The enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and it requires its own basis for jurisdiction. Kokkonen, 511 U.S. at 378 (quotation marks omitted). A court may retain jurisdiction to enforce a settlement agreement, but that retention must be express. Kokkonen, 511 U.S. at 378; Ortolf v. Silver Bar Mines, Inc., 111 F.3d 85, 87-88 (9th Cir. 1997); Hagestad v. Tragesser, 49 F.3d 1430, 1433 (9th Cir. 1995).

In this case, the parties signed and filed a stipulation for voluntary dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Upon receipt of the stipulation, the Court issued a separate order dismissing the action with prejudice pursuant to Rule 41(a)(1)(A)(ii).

Rule 41(a)(1)(A)(ii) does not provide for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation, and neither the stipulation nor the dismissal order expressly retained jurisdiction.[2] Kokkonen, 511 U.S. at 378; Ortolf, 111 F.3d at 87-88; Hagestad, 49 F.3d at 1433. Judge Vadas' intent to retain jurisdiction for one year is evidenced by the settlement agreement itself, which Plaintiff provided with his motion, but the agreement was not incorporated into the stipulation or the dismissal order.[3] Hagestad, 49 F.3d at 1433.

However, even if that intent had been expressed in the parties' stipulation and in the dismissal order, jurisdiction would have been retained for only one year. Plaintiff's motion for enforcement was brought more than two years later – well after the expiration of the one year deadline.

Based on the foregoing, the Court lacks jurisdiction to enforce the settlement agreement and Plaintiff's motion must be denied, with prejudice. To the extent that Plaintiff believes his current conditions of confinement violate his federal rights, he is not precluded from seeking redress in a new suit. Plaintiff is also not precluded from pursuing relief via a separate breach of contract action

---

[2] Court docs. 34, 36.

[3] Court doc. 44, Ex. 1.

1 | in state court.  However, enforcement of the 2010 settlement agreement is not relief available in this
2 | action and the case shall remain closed.

      Accordingly, based on the foregoing, it is HEREBY ORDERED that

1. Plaintiff's motion for enforcement of the settlement agreement, filed on October 18, 2012, is DENIED, with prejudice; and
2. Plaintiff's motion for an order directing the production of photo or video evidence to the Court, filed on December 10, 2012, is DENIED as moot.

IT IS SO ORDERED.

**Dated:    January 22, 2013**                              /s/ Sheila K. Oberto
                                                                              UNITED STATES MAGISTRATE JUDGE