# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, Jr, | **Case No. 1:09-cv-00154-SKO (PC)** |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTIONS TO ENFORCE SETTLEMENT AGREEMENT AND FOR ACCESS TO MEDICAL RECORDS FOR LACK OF JURISDICTION** |
| v. | |
| D. HICINBOTHOM, et al., | |
| Defendants. | **(Docs. 57, 58, 61, 64, 65, 66, 72)** |
| | **NO FURTHER FILINGS WILL BE ACCEPTED IN THIS CASE** |

Plaintiff Larry Giraldes, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 28, 2009. A settlement conference was held in this matter on August 12, 2010, before United States Magistrate Judge Nandor J. Vadas, and a settlement agreement[1] was reached. The parties filed a stipulation for voluntary dismissal, with prejudice, under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, on August 13, 2010. (Doc. 34.) The case was dismissed on September 8, 2010. (Doc. 36.) On October 18, 2012, Plaintiff filed a motion seeking enforcement of the settlement agreement which was denied with prejudice on January 23, 2013, for lack of jurisdiction. (Doc. 56.)

More than three years and nearly six years after this case settled, Plaintiff filed multiple motions seeking relief from judgment and/or to enforce the settlement (Docs. 57, 58, 64, 65) and

---

[1] Pursuant to the settlement agreement previously provided by Plaintiff, Plaintiff was to be transferred from Salinas Valley State Prison to California State Prison-Sacramento, and the placement at CSP-Sacramento was to include an elevated hospital bed, frequent small meals, protein drinks as needed, and pain management as needed. (*See* Doc. 44.)

two motions seeking access to his medical records (Docs. 61, 66).  At the Court's request,[2] the Attorney General's Office, without conceding jurisdiction, filed a response to Plaintiff's motions on May 13, 2016, via special appearance.  (Doc. 67.)  Plaintiff filed a reply on May 25, 2016, along with a new declaration of his own and one from an inmate witness.  (Docs. 68, 69, 70.)  On July 25, 2016, Plaintiff filed a supplemental response.  (Doc. 71.)  On August 4, 2016, Defendants requested leave to file a declaration from a medical provider which they submitted on August 15, 2016.  (Docs. 72, 73.)  Plaintiff filed objections to Defendants submission of the medical provider's declaration on August 15, 2016, and August 25, 2016.  (Docs. 74, 76.)

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute, and it is presumed that a cause lies outside this limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378, 114 S.Ct. 1673 (1994) (quotation marks and citations omitted).  The enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and it requires its own basis for jurisdiction. *Kokkonen*, 511 U.S. at 378 (quotation marks omitted).  A court may retain jurisdiction to enforce a settlement agreement, but that retention must be express.  *Kokkonen*, 511 U.S. at 378; *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007); *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87-88 (9th Cir. 1997); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995). Furthermore, the party seeking enforcement of the settlement agreement must allege a violation of the settlement agreement in order to establish ancillary jurisdiction.  *Alvarado*, 509 F.3d at 1017.

In this case, the parties signed and filed a stipulation for voluntary dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Rule 41(a)(1)(A)(ii) does not provide the court with jurisdiction over disputes arising out of an agreement that produces the stipulation.  Neither the stipulation (Doc. 34), nor the dismissal order (Doc. 36), expressly retained jurisdiction.  *Kokkonen*, 511 U.S. at 378; *Ortolf*, 111 F.3d at 87-88; *Hagestad*, 49 F.3d at 1433. Judge Vadas' intent to retain jurisdiction for one year is evidenced by the settlement agreement itself, which Plaintiff provided with his prior motion, but the agreement was not incorporated into

---

[2] Given the medical issues in the underlying case and raised in Plaintiff's motions to enforce, the Court requested and greatly appreciates the efforts by the Deputy Attorney General to investigate and provide a careful and detailed response to Plaintiff's assertions.

1  the stipulation or the dismissal order.  (Doc. 44, Ex. 1.)  *Hagestad*, 49 F.3d at 1433.  However,
2  even if that intent had been expressed in the parties' stipulation and in the dismissal order,
3  jurisdiction would have only been retained until August 12, 2011.  Plaintiff's current motions to
4  enforce the terms of the settlement agreement were filed nearly five years late.

5         This Court also lacks jurisdiction over prison staff to order them to allow Plaintiff access to
6  his medical records -- to support his enforcement motions or otherwise.  Federal courts are courts
7  of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the
8  requirement that as a preliminary matter, it have before it an actual case or controversy.  *City of*
9  *Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian*
10 *Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  Since
11 the Court no longer has an actual case or controversy before it, it is powerless to hear Plaintiff's
12 motions for access to his medical records.  *Id.*  Even when this case was open, the Court lacked
13 jurisdiction over prison officials in general or over the conditions of Plaintiff's confinement.
14 *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599
15 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction was limited to the parties and the
16 cognizable legal claims upon which an action proceeded.  *Summers*, 555 U.S. at 492-93; *Mayfield*,
17 599 F.3d at 969.  "A federal court may issue an injunction [only] if it has personal jurisdiction over
18 the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the*
19 *rights of persons not before the court.*"  *Zepeda v. United States Immigration Service*, 753 F.2d
20 719, 727 (9th Cir. 1985) (emphasis added).  Thus, Plaintiff's motion must be denied for lack of
21 jurisdiction over the prison staff at California State Prison, in Sacramento, California ("CSP-Sac")
22 where he is currently housed who control Plaintiff's medical records and his access thereto.  The
23 Warden's Office and the Litigation Office at CSP-Sac are requested to look into the matter and
24 facilitate Plaintiff's access to medical care and treatment as well as his medical records.[3]

25        Based on the foregoing, the Court lacks jurisdiction to enforce the settlement agreement
26 and to order prison staff to allow Plaintiff access to his medical records.  Accordingly, Plaintiff's

---

[3] How access is best facilitated in light of Plaintiff's housing status and other custody or classification factors is left to the sound discretion of prison officials.

1 motions must be denied, with prejudice.  To the extent Plaintiff believes his current conditions of
2 confinement violate his federal rights, he is not precluded from seeking redress in a new suit, or
3 separate breach of contract action in state court.  This case, however, shall remain closed as since
4 the Court lacks jurisdiction to address Plaintiff's current concerns.  This action is simply not the
5 proper vehicle for obtaining the relief Plaintiff seeks.

      Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions for enforcement of the settlement agreement, filed on March 21, 2016, April 7, 2016, and April 27, 2016, are DENIED, with prejudice, for lack of jurisdiction;
2. Plaintiff's motions for access to his medical records, filed on April 15, 2016, and May 9, 2016, are DENIED, with prejudice, for lack of jurisdiction;
3. Defendants' request to file the declaration of Luke C. Bi, M.D. via special appearance is DISREGARDED as moot;
3. the Clerk of the Court is directed to forward a copy of this order and of Plaintiff's motions (Docs. 57, 58, 61, 64, 65, 66) to the Warden's Office and the Litigation Office at California State Prison in Sacramento, California; and
4. **NO FURTHER FILINGS WILL BE ACCEPTED IN THIS CASE.**

IT IS SO ORDERED.

Dated:   **December 6, 2016**            /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE